

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

Nemours Building  (302) 573-6277
1007 Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

September 20, 2005

Honorable Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

Re: **United States v. Garfield Sudler**
**Criminal Action No. 05-58-KAJ**

Dear Judge Jordan:

The defendant is prepared to execute the enclosed Memorandum of Plea Agreement at the change of plea hearing scheduled for October 6, 2005, at 4:30 p.m.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

pc: John Malik, Esquire (w/ Enc.)
    Clerk, U.S. District Court

EF:slb
Enclosure



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-58-KAJ |
| | ) | |
| GARFIELD SUDLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Garfield Sudler, by and through his attorney, John Malik, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a guilty plea to Count 1 of the Indictment charging possession with intent to distribute greater than 500 grams of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), and punishable by a maximum penalty of forty (40) years imprisonment, with a minimum term of imprisonment of five (5) years, a $2,000,000 fine, or both, at lease four years supervised release, and a $100 special assessment. At sentencing the United States will move to dismiss the remaining counts of the Indictment.

2. The defendant understands that the elements of the offense are that:

  (a) the defendant knowingly possessed a mixture and substance that contained cocaine, a controlled substance;

  (b) the defendant knew that the substance he possessed was a controlled substance;

  (c) the controlled substance that the defendant possessed had a net weight of 500 grams or more; and

  (d) the defendant intended to distribute the controlled substance.

3. The defendant acknowledges that in connection with this case, the Drug Enforcement Administration seized and administratively forfeited approximately $60,840 in United States Currency. The defendant agrees to waive all interest in this property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence, and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. Pursuant to § 3E1.1, the United States agrees to recommend a two point reduction in the offense level for acceptance or responsibility. If the defendant's criminal history score is 16 or greater, the United States will move for an additional one point reduction in the offense level.

5. The defendant agrees to pay the $100 special assessment at or before the time of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees

voluntarily to enter the United States Bureau of Prisons Administered Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6. It is further agreed by the undersigned parties that this Memorandum of Plea Agreement supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                                COLM F. CONNOLLY
                                                United States Attorney

_____        By:_____
John Malik, Esquire                                    Edmond Falgowski
Attorney for Defendant                           Assistant United States Attorney

_____
Garfield Sudler
Defendant

Dated:

**AND NOW this** _____ **day of** _____**, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.**

                                      _____
                                      Honorable Kent A. Jordan
                                      United States District Court